Francis R. Gorton v. John Roach and Margaret Roach.

*Marrying mortgager's widow does not estop from contesting mortgage.*

One who marries the widow of a mortgager and goes into possession of
the premises under an adverse title, does not hold in his wife's right
and is not estopped by his marriage from disputing the mortgage.

Error to Livingston. Submitted June 14. Decided
June 22.

Proceedings under Comp. L. ch. 211 for recovery of
land. Complainant brings error. Affirmed.

*Ward & Palmer* for plaintiff in error.

*Waddell & Montague* for defendants in error. A wife in signing a mortgage to release her inchoate right of dower, is in no sense a mortgager: *Hovey v. Smith* 22 Mich. 172; *Shepard v. Shepard* 36 Mich. 178; *Kitchell v. Mudgett* 37 Mich. 84; *Conrad v. Long* 33 Mich. 80; *Gantz v Toles* 40 Mich. 728; *Miles v. Skinner* 42 Mich. 182; a mortgage without covenants of title or of warranty is like a quit-claim deed, conveying the present interest without estoppel, and would not estop the mortgager from afterwards buying in an outstanding adverse title and holding under it whether in or out of possession at the time he bought in the outstanding title: *Clee v. Seaman* 21 Mich. 296; *Fuller v. Sweet* 30 Mich. 239; *Sands v. Davis* 40 Mich. 19; *Brown v. Phillips* 40 Mich. 270; *Donahue v. Klassner* 22 Mich. 253; *McClure v. Holbrook* 39 Mich. 43; *Hogsett v. Ellis* 17 Mich. 364; and it certainly would estop no one that did not get title or possession from the mortgager: *Farmers' & Mechanics' Bank v. Bronson* 14 Mich. 368; *Wilkinson v. Green* 34 Mich. 223.

COOLEY, J. This proceeding originated in the office of the circuit court commissioner of Livingston county, where Gorton instituted it for the recovery of the possession of lands under the statute which authorizes summary proceedings before a commissioner "when any person shall continue in possession of any premises sold by virtue of any mortgage or execution, after the expiration of the time limited by law for the redemption of such premises." Comp. L. § 6706.

The mortgage under which Gorton claimed was given to him by Peter McGraw June 3, 1861, to secure the payment of five hundred dollars in instalments, the last of which was due in five years from date. Margaret McGraw, the wife of Peter, joined in the mortgage. They were at the time living upon the land, and continued to live there until Peter died some time in 1864. The evidence appearing in the record indicates that Peter McGraw never had any title to the land, and that at the time of his death it was owned by Francis Palms. In June, 1866, the defendant John Roach took a lease of the land from Palms, and went into posses-

sion. In the following year he made a purchase of it from Palms. He also at some time not specified married Margaret McGraw, who is united with him as defendant in this proceeding. It seems to be assumed in this case that the marriage took place at or before the time when Roach took possession of the land, and that the defendant Margaret has remained in possession continuously since the death of her first husband. The mortgage was foreclosed by *ex parte* proceedings under the power of sale, and the lands bid in by the mortgagor in July, 1878, and the sale became absolute in one year thereafter. This proceeding was instituted afterwards, and after a trial before the commissioner was appealed to and tried in the circuit court, where the defendants had judgment.

It seems to be the theory of the plaintiff that Mrs. McGraw, while remaining in possession of the mortgaged premises after her husband's death, was occupying under a dower or homestead right, and would be estopped from disputing the mortgage or the title which the husband assumed to mortgage; that Roach, marrying the widow and coming to the occupancy with her, took possession in her right and was in like manner estopped, and that both must surrender possession before they or either of them can set up an adverse title.

The general principle that a mortgagor cannot dispute the title mortgaged for the purpose of retaining possession adverse to a foreclosure, is familiar. But in this case the adverse title is not set up by one of the mortgagors; it is set up by one who was a stranger to the mortgage. The only way in which he is supposed to be connected with the estoppel which affected the mortgagor is by his having married the widow while she remained in possession. He had an undoubted right before the marriage to evict the widow and take possession, but having entered into possession without doing so, he has in some way,.it is supposed, taken upon himself among other marital consequences the estoppel that previously affected the widow. But we are unable to appreciate the force of the reasoning in support of this view.

When John Roach took his lease from Palms, he had a right to take possession if he could acquire it peaceably. The widow in possession seems to have made no objection, and his possession, so far as we are informed, has been peaceable ever since. There is nothing to show that the marriage was entered into and possession taken for the purpose of defrauding the mortgagee, or that John Roach ever for a moment claimed in right of his wife, or otherwise than under the adverse title. His possession from the first must be presumed to be in his own right, and his wife occupied with him because she was his wife and he was lessee and afterwards owner. If Roach independent of his marriage had a right to take possession, the marriage certainly could not preclude him. That was an affair which in no manner affected the title or right to possession of the land, but after it took place he had a right to live with his wife wherever he had a right to live separately. He cannot be required to separate from his wife in order to be in position to enforce his rights to property. And having an actual right himself he must be deemed to have held under it, and not under any claim of the wife which she does not make, and which would be unfounded if made, and which is only made for her by the mortgagee in order that he may attach to it the consequences of an estoppel.

The judgment must be affirmed with costs.

The other Justices concurred.